


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
:       96 Civ. 4584 (MP)

IN RE SUMITOMO COPPER LITIGATION   :   **DEFAULT JUDGMENT**

:       Order No. 107
-----------------------------------x

This Court having rendered its Order on April 4, 2001, entered on the docket on May 30, 2001, denying the motion of Defendant Shinichi Nishi ("Nishi") to dismiss the Sixth Amended and Supplemental Complaint as to him for lack of jurisdiction of his person, and directed Defendant Nishi to appear for his deposition on September 14, 2001, and Nishi having given notice that he "will not permit his deposition to be taken" and having willfully disobeyed the aforementioned Order by failing to appear for his deposition, and Plaintiffs having for moved for judgment by default as to Nishi pursuant to Rule 37(b)(2)(C), and this Court, by its Opinion and Order dated November 6, 2001, having granted the motion, and ordered Nishi to reimburse plaintiffs for the reasonable costs and expenses incurred in making the application, to be determined in separate proceedings, it is hereby

ORDERED, that a plaintiff class is certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, against defendant Nishi as to all claims in the Sixth Amended and

Supplemental Complaint, on behalf of all persons who purchased or sold Comex copper futures or options contracts between June 24, 1993 and June 15, 1996, inclusive. Excluded from the Class are the Defendants herein, any parents, subsidiaries or affiliates thereof, members of the immediate family of each of the individual Defendants, any entity in which any of the Defendants has a controlling interest, and the legal representatives, heirs, successors or assigns of any of the Defendants;

ORDERED, pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, that a judgment be entered herein in favor of the Plaintiff Class and against the Defendant Shinichi Nishi on plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., and under the common law of the State of New York, by reason of the matters and things alleged by the Plaintiffs in their Sixth Amended and Supplemental Class Action Complaint against the Defendant Shinichi Nishi;

ORDERED, that in view of said Defendant's default, the only issues in this action remaining to be determined are:
    (a) the amount of Plaintiff Class's damages, and
    (b) the amount of Plaintiff Class's interest and costs, including a reasonable attorneys' fee, and
    (c) notification of the class (which shall be

accomplished pursuant to separate Order);

ORDERED, that the amount of Plaintiff Class's damages and the amount of Plaintiff Class's interest, costs and counsel fees (if any) on the RICO claim will be determined by the Court pursuant to a separate Order; and

ORDERED, that a hearing as to Plaintiff Class's damages, interest, costs and fees shall be held only upon the Plaintiffs' giving thirty days notice to the said Defendant Nishi in care of his attorneys of record in this case.

SO ORDERED.

Dated: New York, New York
January 18, 2002

_____
Milton Pollack
Senior United States
District Judge

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON 1/18/02